AIDE GONZALES SOLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Solis v. Commissioner
Docket No. 11500-92
United States Tax Court
T.C. Memo 1994-88; 1994 Tax Ct. Memo LEXIS 89; 67 T.C.M. (CCH) 2289; February 28, 1994, Filed *89 Decision will be entered for respondent. For petitioner: Bryan P. Cartall. For respondent: Franklin R. Hise. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in and additions to petitioner's Federal income tax for 1987 as follows: Additions to Tax
Sec. Sec.
Sec.
Sec. Deficiency
6651(a)
6653(a)(1)(A) 6653(a)(1)(B) 6661 $ 19,671
$ 4,818
$ 1,030
[1]
$ 4,918
The sole issue for decision is whether petitioner is entitled to innocent spouse relief under the provisions of section 6013(e). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of *90 facts is incorporated herein by this reference. Petitioner resided in Del Rio, Texas, at the time she filed her petition. Petitioner filed a joint income tax return for the taxable year 1987 with her then husband, Rolando Solis. The return was prepared by Mr. Solis' accountant. Petitioner signed it because the accountant told her that she and Mr. Solis were required to file a Federal income tax return, and that it was correct. She believed and trusted the accountant. The return is dated February 3, 1989, and is stamped "Received" by the Austin, Texas, Service Center on May 2, 1989. Schedule C of the return shows income and expenses of Rolando Solis' manhole business. Petitioner never participated in the management or operation of her husband's business throughout the course of their marriage and did not know any of the details of it. The Schedule C indicates gross receipts of $ 118,730, cost of goods sold and/or operations of $ 99,134, and gross income of $ 19,596. From that amount, Mr. Solis deducted car and truck expenses, depreciation and insurance, legal and professional services, repairs, and utilities and telephone expenses totaling $ 12,032. He thus showed a net *91 profit of $ 7,564, which was the sole income reported on the return. The deficiency determined by respondent resulted from respondent's disallowance of $ 68,558, for lack of substantiation, of various Schedule C business expenses and a portion of the cost of goods sold. Specifically, the following amounts were disallowed: Utilities and telephone
$  1,952
Contract labor
62,734
Insurance
210
Car and truck expense
842
Depreciation
2,820
Total
68,558
Respondent also determined additions for late filing, negligence, and substantial understatement. Petitioner is a foreign national and citizen of Mexico whose family has owned a number of businesses. She herself has owned at least two. Petitioner does not speak English. She was married to Mr. Solis, a U.S. citizen, during the year in issue. He and petitioner were married in 1977 and had three children. Petitioner has worked outside the home most of her adult life. Her parents, Eloina and Raul Trevino, gave her a supermarket, one of a number of family businesses. Petitioner owned the supermarket and kept its books. Her husband also worked in the supermarket, and petitioner believes he was responsible for the *92 supermarket's failure. The marriage was stormy. Petitioner first consulted a divorce lawyer in 1985, but because of her family's disapproval she abandoned the idea of divorce at that time. The couple separated in 1987 and were divorced in 1990. When petitioner left her husband in 1987, she moved from Dallas to Del Rio, Texas. Petitioner received some child support from her husband during the period of separation. She received further support, in gifts and loans, from her mother Mrs. Trevino who resided in Mexico. Mrs. Trevino loaned petitioner money to open a business known as "Ellie's Boutique" and to buy and improve the Del Rio house. Petitioner's mother also gave her a Capri, which she sold to buy a 1986 Lincoln Town Car. The divorce decree gave petitioner custody of the children and child support of $ 600 per month, to be withheld from Mr. Solis' earnings by his employer, and to be remitted to the court. He was also required to purchase and maintain health insurance on the children and to pay other health care expenses not covered by the insurance. Nevertheless, petitioner has not received child support from Mr. Solis since approximately 1990. Each party received a *93 one-half undivided interest as tenants in common in the residence at 212 Foster Drive, Del Rio, Texas, which was occupied by petitioner and the children. Petitioner was awarded Ellie's Boutique, the Lincoln, furniture in the home, and money and jewelry in her sole possession. Mr. Solis was awarded his own business, plus a 1987 Ford pickup and a 1990 Ford Lariat pickup. Petitioner was charged with her own debts, including $ 8,000 to her mother for a loan on Ellie's Boutique, and $ 10,000 to her mother of a $ 20,000 debt for materials and repairs on the house at 212 Foster Drive. Mr. Solis was charged with the other $ 10,000 borrowed from petitioner's mother. Additionally, the divorce decree provides: That Aide Solis and Rolando Solis shall be jointly responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 1989.
OPINION Petitioner's husband did not contest the asserted deficiency or additions to tax. Petitioner likewise does not contest the disallowance of the claimed deductions or imposition of the additions. Instead, she relies on the innocent spouse defense. Alternatively, petitioner contends that if she is *94 not an innocent spouse, she was coerced into signing the joint return in question and thus her signature on the return should be disregarded. The "innocent spouse" provision of section 6013(e) relieves a spouse of joint Federal income tax liabilities if each of the following four elements is met: (1) A joint Federal income tax return was filed by the spouses; (2) there is a substantial understatement of tax attributable to grossly erroneous items of the other spouse; (3) in signing the return, the claimed innocent spouse did not know, and had no reason to know, of the substantial understatement; and (4) taking into account all the facts and circumstances, it would be inequitable to hold the claimed innocent spouse liable for the deficiency attributable to the understatement. Sec. 6013(e)(1). The taxpayer bears the burden of proving that each of these elements is satisfied. Rule 142(a); . Petitioner's failure to satisfy any one of these elements precludes innocent spouse relief. , affd. . *95 First, we hold that petitioner filed a joint return. She does not deny she signed the return. The fact that her husband urged her to sign it, and that the accountant told her a return was required to be filed does not rise to the level of coercion. By 1989, petitioner had been living separately from her husband for about 2 years, and provided the Court with no reason to believe she was in danger from him. Petitioner was in business for herself in the United States, and surely understood the need to pay taxes. The fact that petitioner does not speak English would not have prevented her from obtaining an interpreter if she had thought she needed one. Neither petitioner's purported lack of knowledge of her husband's business, nor her trust in the return preparer, is a sufficient ground to nullify her signature. We must therefore determine whether: (1) There was a substantial understatement of tax attributable to grossly erroneous items of Mr. Solis; (2) petitioner lacked actual and constructive knowledge of the understatements; and (3) it would be inequitable to hold her liable for the deficiencies. A substantial understatement means any understatement exceeding $ 500. Sec. *96 6013(e)(3). In deduction cases (as this is), the tax liability must also exceed a stated percentage of the innocent spouse's adjusted gross income for the "preadjustment year". Sec. 6013(e)(4). The preadjustment year is the most recent taxable year of the spouse ending before the notice of deficiency was mailed. Sec. 6013(e)(4)(c). Petitioner's preadjustment year for her 1987 year is 1991, because the notice of deficiency was mailed on February 25, 1992. Petitioner has not presented any evidence of her 1991 income. Thus, we are unable to determine whether she has satisfied section 6013(e)(1)(B). Because she bears the burden of proof, her failure to present any evidence on this issue precludes innocent spouse relief. We also note, however, that even if she had presented such evidence, we would not find that she was an innocent spouse. This is because she did not establish that the understatement was attributable to grossly erroneous items of Mr. Solis. A grossly erroneous item includes a deduction for which there is no basis in fact or law. Sec. 6013(e)(2)(B). Ordinarily, such a deduction can be characterized as fraudulent, frivolous, or phony. . *97 But cf. (deduction disallowed by section 465 is grossly erroneous item), revg. . The inability to substantiate a deduction is not the equivalent to the deduction's having no basis in fact or law. In fact, a comparison of the amounts claimed on the Schedule C with the amounts disallowed in the notice of deficiency shows that $ 42,608 of Mr. Solis' claimed deductions was allowed. Since petitioner has not established her adjusted gross income for the preadjustment year, nor more importantly, proven that the understatement was attributable to grossly erroneous items of Mr. Solis, petitioner is not entitled to innocent spouse relief. We therefore do not consider the remaining two elements of that defense. In light of the foregoing, Decision will be entered for respondent. Footnotes
1. 50 percent of the interest computed on the portion of the underpayment attributable to negligence or intentional disregard of rules and regulations.↩
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩